# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Rafeq Mohammed Hasan,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-01384-PHX-SMB-ASB

**ORDER**

Pending before this Court is Petitioner's "Motion for Ruling." (Doc. 6.) In his Motion, Petitioner through counsel argues that Respondents failed to answer the Petition within 20 days of the date of service, pursuant to this Court's Order (Doc. 4). (Doc. 6 at 1). Petitioner requests that the Court "deem the Petition unopposed and rule accordingly." (*Id.* at 1.) Thus, although not expressly called such, it appears Petitioner argues Respondents' lack of answer is non-compliance under LRCiv 7.2(i) or akin to a default.

Petitioner initiated this action on February 27, 2026, filing a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner named the following Respondents in his Petition: Eric Rokowsky[1], Warden of Eloy Detention Center; Christopher McGregor, Field Office Director of Phoenix Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; Todd M. Lyons, Acting Director, Immigration and Customs Enforcement; Kristi Noem, Secretary, U.S. Department of Homeland Security; and Pamela Bondi,

---

[1] Respondent's name appears both as "Rokowsky" and "Roskosky" in the filings before this Court. (*See* Docs. 1, 3, 4, 6.)

Attorney General of the United States. (*Id.*) On March 4, 2026, this Court ordered, *inter alia*, that (1) counsel for Petitioner immediately serve the Petition on Respondents; (2) the Clerk of Court issue any properly completed summonses; and (3) Respondents answer the Petition within 20 days of the date of service. (Doc. 4 at 2.) The Court also ordered the Clerk of Court to transmit by email a copy of the Order and Petition to the United States Attorney for the District of Arizona to the attention of the following recipients: Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov. (*Id.*) According to the Court's records, the Clerk of Court emailed the Order and Petition to the aforementioned recipients on March 4, 2026. Additionally, on March 4, 2026, this Court issued Summonses as to all Respondents. (Doc. 5.)

On April 1, 2026, Petitioner filed his Motion for Ruling. (Doc. 6.) In his Motion Petitioner argues that "[p]ursuant to Rule 4 of the Rules Governing Section 2254 Cases (which applied to 2241 petitioners through Rule 1(b)), the responsibility for service shifts from the Petitioner to the Court once the petition survives initial screening." (*Id.* at 1.) However, Rule 1(b) of the Rules Governing Section 2254 Cases says the district court *may* apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a). (Emphasis added). "A habeas petition under § 2241 is subject to both the Rules Governing Section 2254 Cases in the United States District Courts and the Federal Rules of Civil Procedure." *See United States v. Rice*, No. CR 12-00818 PJH, 2013 WL 12063970, at *1 (N.D. Cal. Feb. 27, 2013).

Here, the Court clearly ordered counsel for Petitioner to immediately serve the Petition on Respondents. (Doc. 4 at 2.) Therefore, Petitioner's counsel was required to serve Respondents in accordance with the Rules Governing Section 2254 Cases, where applicable, and the Federal Rules of Civil Procedure ("FRCP"). Because the Rules Governing Section 2254 Cases does not dictate service of process in this scenario, Petitioner was required to serve in accordance with FRCP Rule 4. *See* 28 U.S.C. foll. §

2254, Rule 12 (apply Federal Rules of Civil Procedure to habeas actions to the extent they are not inconsistent with statutory provisions or rules).

Pursuant to FRCP Rule 4(c), a summons must be served with a copy of the complaint. Also, under FRCP Rule 4(i)(2), "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." "[I]n order to properly serve the United States or its agencies, corporations, or officers, a plaintiff must deliver a copy of the summons and the complaint to the U.S. Attorney's Office for the district in which the action is brought, as well as to the Attorney General of the United States." *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (citing FRCP Rule 4(i)). Pursuant to FRCP Rule 4(*l*), a party must provide proof of service to the Court.

Accordingly, the Federal Rules require properly serving the U.S. Attorney's Office for the district in which the action is brought, the Attorney General of the United States, and any other relevant government agencies. Proper service requires serving a copy of the summons and complaint by registered or certified mail to the correct recipient, and proof of such to the court. *See* Fed. R. Civ. P. R. 4. Failing to show whether mail was actually received or delivered to a defendant's address, or whether the proper defendant(s) were served, can constitute improper service. *See Rhodes v. U.S. I.R.S.,* No. CV 10-1074-PHX-DGC, 2010 WL 5392636, at *3 (D. Ariz. Dec. 28, 2010) (denying default judgment for plaintiff who "provided no evidence that he properly effected service on the U.S. Attorney for Arizona" pursuant to Rule 4(i)(1)(A)); *Carter v. United States*, No. SA-CV-20929-JVS-ADSx, 2020 WL 8028237, at *2 (C.D. Cal. Nov. 18, 2020) (denying default judgment because plaintiff did not demonstrate valid service, as the proof of service did not indicate whether the mail was actually received); *Tan v. United States Dep't of Homeland Sec.*, No. CV 25-534-PA (MARX), 2025 WL 2659224, at *2-3 (C.D. Cal. July 21, 2025) (denying entry of default because proof of service was inadequate).

Here, Petitioner provides a certificate of service in his Petition that he served the

Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief via certified mail to Respondents. (Doc. 1 at 19-20.) However, this is insufficient to show Petitioner properly effectuated service of process pursuant to FRCP Rule 4. Petitioner must serve both the Petition and Summons on Respondents, pursuant to FRCP Rule 4(c) and the Court's unambiguous Order (Doc. 4 at 2). Additionally, Petitioner must demonstrate to the Court that service was properly effected via registered or certified mail, such that the Court can discern whether the mail was actually received. *See Carter*, 2020 WL 8028237, at *2. Petitioner provides only an affidavit by Petitioner's counsel listing the addresses of the Respondents and certifying that the Petition was served by certified mail to those addresses. This is insufficient proof to demonstrate to the Court that Respondents were properly served the Summons and Petition via registered or certified mail to the agency, pursuant to FRCP 4(i)(2).[2]

Petitioner has not shown proper service on Respondents. Accordingly, his Motion for Ruling will be denied. Petitioner is reminded that failure to timely effectuate proper service may result in dismissal of the Petition. *See* Fed. R. Civ. P. R. 4.

**IT IS THEREFORE ORDERED denying** Petitioner's Motion for Ruling (Doc. 6).

Dated this 2nd day of April, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge

---

[2]     Given the Court's clear directive to Petitioner's counsel regarding service, the courtesy emails transmitted by the Clerk of Court do not alter the Court's ruling.